**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 2:26-cv-14357-LEIBOWITZ/Hernandez**

**YORDAN GUILLART-CORRALES**,

*Petitioner*,

*v.*

**WARDEN, MARTIN COUNTY JAIL, *et al.***,[1]

*Respondents*.
______________________________________/

**REPORT AND RECOMMENDATION**

Before the Court is Petitioner Yordan Guillart-Corrales's petition for writ of habeas corpus ("Petition"), [ECF No. 1], and Motion for Temporary Restraining Order ("Motion"),[2] [ECF No. 11]. Petitioner was detained without a bond hearing under the mandatory detention framework of 8 U.S.C. § 1225. He contends that immigration authorities erroneously viewed him as an arriving alien, and that he is entitled to a bond hearing under 8 U.S.C. § 1226. He is right, and Respondent agrees, [ECF No. 19 at 2–3]. If Petitioner obtains relief under the Petition, the request in the Motion, which seeks to prevent Petitioner's transfer during the pendency of this action, is moot. The Court therefore respectfully **RECOMMENDS** that the Petition be **GRANTED**, and the Motion be **DENIED as moot**.

---

[1] A writ of habeas corpus must "be directed to the person having custody of the person detained," meaning the "immediate custodian." 28 U.S.C. § 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 435–36 (2004); *see also* 28 U.S.C. § 2242 (requiring the writ to allege "the name of the person who has custody over" the petitioner). In this case, Petitioner's immediate custodian at the time of filing was the warden of Martin County Jail. As immigration authorities have since transferred Petitioner to Krome North Processing Center, [ECF No. 19-6 ¶ 15], his immediate custodian is Assistant Field Office Director, Charles Parra, [ECF No. 19 at n.1]. We respectfully recommend that he replace all other Respondents here. As a result, the remainder of this Report and Recommendation uses the singular "Respondent" rather than "Respondents."

[2] The Honorable David S. Leibowitz referred the Petition and Motion to us for a Report and Recommendation. [ECF No. 13]; *see* 28 U.S.C. § 636(b)(1)(B).

## BACKGROUND

Petitioner is a native and citizen of Cuba. [ECF No. 1 ¶ 1]. He was paroled into the United States in June 2022 after immigration officials encountered him near Eagle Pass, Texas. *Id.* ¶ 2. Since that time, he has lived in South Florida and, in April 2024, filed for lawful permanent residence. *Id.* On September 4, 2026, Petitioner was stopped for a traffic infraction and, later that day, U.S. Immigration and Customs Enforcement ("ICE") took him into custody. *Id.* ¶ 20; 19-1 at 2; [ECF No. 19-4]. Three days later, ICE issued Petitioner a Notice to Appear ("NTA"), charging him as an arriving alien with inadmissibility under the Immigration and Nationality Act ("INA") § 212(a)(7)(B)(i)(II). [ECF No. 19-7]. That NTA was incorrect, however, and, on October 5, 2026, ICE issued a new NTA, which no longer charged Petitioner as an arriving alien. [ECF No. 19-2 at 1]. He has been in immigration custody since his September 4 arrest and has not received a bond hearing. [ECF No. 1 ¶¶ 1, 21, 23].

On September 17, 2026, while in Martin County Jail in the Southern District of Florida, Petitioner filed the Petition, arguing that he is entitled to a bond hearing under 8 U.S.C. § 1226(a). *Id.* ¶ 5. He alleged that Respondent had erroneously classified him as ineligible for bond under the mandatory detention framework of 8 U.S.C. § 1225(b), and that his prolonged detention without a bond hearing violated due process. *Id.* ¶¶ 24–30. Soon after filing the Petition, Petitioner moved to prevent Respondent from transferring him outside the Southern District of Florida while the case was pending. [ECF No. 11 ¶ 1].

On September 29, 2026, the Court held a hearing on the Motion. [ECF No. 17]. Shortly thereafter, we ordered Respondent to show cause why the Petition should not be granted. [ECF No. 18]. On October 5, 2026—the same day ICE reissued the NTA—Respondent filed its response, explaining he "do[es] not oppose Petitioner's claim that he should be provided a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a)." [ECF No. 19 at 3]. Respondent added that his

"notice of non-opposition is limited to this case and is not a concession on the merits of any claim or argument in the Petition." *Id.* Respondent requested that "any order granting relief rest on this non-opposition of an individualized bond hearing rather than the merits of the case." *Id.* In his reply, Petitioner asks for a seven-day deadline for the bond hearing. [ECF No. 20 at 1]. If Respondent fails to meet that deadline, Petitioner argues, then he should be released immediately because "[e]ach additional day of detention without a hearing is a day of liberty that cannot be restored." [ECF No. 20 at 3].

Because all parties agree that Petitioner is owed a bond hearing, and because a seven-day clock is not out of step with other courts' orders, we respectfully recommend that the Petition be granted and that Petitioner receive a bond hearing within seven days. If Respondent fails to hold a timely bond hearing, Petitioner should be released.

## Legal Standard

District courts have the authority to grant petitions for writs of habeas corpus. 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). A writ may issue to a petitioner who demonstrates he is detained in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction extends to certain challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## Analysis

Because Respondent notes that one of the "legal issues presented" involves jurisdiction, [ECF No. 19 at 2], we turn to that matter first. Without elaborating, Respondent suggests the Court lacks jurisdiction over Petitioner's claims under some unspecified subsection of 8 U.S.C. § 1252. *Id.* That argument fails—and has failed many times before. Courts in this District have rejected § 1252-based jurisdictional challenges in cases involving a bond issue virtually identical to the one at bar. *See, e.g.*,

*Loasiga-Obando v. Noem*, No. 1:26-cv-20981-BB, 2026 WL 1408512, at *1 (S.D. Fla. May 20, 2026) (rejecting jurisdictional challenge under § 1252(g) in habeas case raising entitlement to bond under § 1226(a)); *Arroyo v. Diaz*, 818 F. Supp. 3d 1387, 1390–93 (S.D. Fla. 2026) (same, under both §§ 1252(g) and (b)(9)); *Castillo v. Field Off. Dir. of Enf't & Removal Operations, Mia., Field Off., Immigr. & Customs Enf't*, 829 F. Supp. 3d 1155, 1159–60 (S.D. Fla. 2025) (rejecting jurisdictional challenges under §§ 1252(e)(3), (g), and (b)(9)), *appeal dismissed sub nom. Castillo v. U.S. Dep't of Homeland Sec.*, No. 26-10216-D, 2026 WL 1069985 (11th Cir. Feb. 4, 2026). The jurisdiction-conferring provision in those cases—and ours—is 28 U.S.C. § 2241, which empowers federal district courts to hear applications for habeas corpus brought by those who claim to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Indeed, the Eleventh Circuit in *Hernandez Alvarez*, though not addressing § 1252 specifically, held that it had jurisdiction to adjudicate the question of bond eligibility under § 1226 and § 1225. *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1265 (11th Cir. 2026). Accordingly, the Court is unpersuaded by Respondent's nod at a jurisdictional challenge.

Moving to the merits, the Court notes that both parties agree Petitioner is entitled to a bond hearing. As Petitioner pointed out in his reply, Respondent's earlier opposition to a bond hearing "rested on the premise that [Petitioner] is an 'arriving alien' whose lapsed parole revived mandatory detention under § 1225(b)(2)(A)." [ECF No. 20 at 2]. But on October 5, 2026, Respondent reissued Petitioner's NTA, which no longer charges him as an arriving alien. [ECF No. 19-2 at 1]. Respondent consequently revised its position and "do[es] not oppose Petitioner's claim that he should be provided a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a)." [ECF No. 19 at 3].

Despite this concession, Respondent notes that one of the "issues" in this case—along with jurisdiction—concerns "whether Petitioner must first exhaust his administrative remedies" before this Court may grant relief. *Id.* at 2. But this passing reference to exhaustion is insufficient to preserve the

argument, and we consider it abandoned.[3] *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318–19 (11th Cir. 2012) (finding that a party abandons an argument by failing to develop it or cite any legal authority in its support, even if mentioned in passing), *abrogated on other grounds by United States v. Durham*, 795 F.3d 1329, 1330 (11th Cir. 2015).

As Petitioner points out, however, Respondent's non-opposition says nothing about the timing of the bond hearing all parties agree Petitioner should receive. Courts in this District regularly give the government a seven-day deadline to comply with bond hearing directives. *See Ramirez Torrez*, 2026 WL 2797981, at *1 (requiring bond hearing within seven days and status update within three days); *Sawyer v. Assistant Field Off. Dir.*, No. 1:26-cv-22327-WPD, 2026 WL 1506020, at *1 (S.D. Fla. May 29, 2026) (requiring individualized bond hearing within seven days and docketed notice indicating outcome of hearing); *Juan v. Warden Broward Transitional Ctr.*, No. 0:26-cv-60747-DMM, 2026 WL 893188, at *3 (S.D. Fla. Mar. 30, 2026) (requiring, within seven days, individualized bond hearing under § 1226(a) and finding that circumstances warrant an abbreviated objection period), *report and recommendation adopted*, No. 0:26-cv-60747-DMM, 2026 WL 893203 (S.D. Fla. Apr. 1, 2026). It is therefore recommended that the Court order Respondent to give Petitioner an individualized bond hearing within seven days of the order granting the Petition.

That leaves the Motion, in which Petitioner seeks to enjoin Respondent from transferring him outside this District. The requirements for a temporary restraining order are the same as those for preliminary injunctive relief. The movant must show: "(1) a substantial likelihood of success on the

[3] To be clear, that failure-to-exhaust argument fails on the merits as well. Petitioner correctly points out that requesting a bond hearing while ICE deemed him subject to mandatory detention would have been futile. *Ramirez Torrez v. Mullin*, No. 1:26-cv-24527-RKA, 2026 WL 2797981, at *1 (S.D. Fla. Sept. 18, 2026) (rejecting failure to exhaust argument, where request for bond would have been futile given the legal landscape at the time petition was filed and respondents' later concession that petitioner was entitled to a hearing). ICE did not issue the new NTA correcting their position until October 5, 2026, weeks after Petitioner filed his Petition, and so a pre-filing bond request would have been futile.

merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations omitted).

A preliminary injunction seeks to preserve the status quo pending a final adjudication. Here, the Court's recommendation concerns a final adjudication, and so the District Court's disposition will render moot the temporary relief requested in the Motion. Mootness aside, the Motion fails on the merits for two reasons. First, its theory of irreparable harm hinges on the mistaken assumption that a transfer outside this District impacts jurisdiction. [ECF No. 11 (arguing that a transfer leads to irreparable harm by "complicat[ing] or frustrat[ing] this Court's jurisdiction over [the] pending Petition")]; *Auguste v. Gonzalez*, 839 F. Supp. 3d 1156, 1161 (S.D. Fla. 2026) ("Because Petitioner's transfer outside this District would not destroy this Court's jurisdiction, Petitioner has identified no irreparable harm."); *see also Padilla*, 542 U.S. at 441 (post-filing transfer of habeas petitioner does not extinguish district court's jurisdiction). Second, several courts in this District have concluded that federal courts lack jurisdiction to grant a temporary restraining order seeking to prevent transfer of an immigration detainee. *See Noel v. Walker*, No. 1:25-cv-26093-RKA, 2026 WL 672903, at *3 (S.D. Fla. Mar. 10, 2026) (explaining that discretionary transfer decisions fall outside the court's jurisdiction); *Boulos v. Dir., U.S. DHS ICE ERO Mia. Field Off.*, No. 1:25-cv-23792-BB, 2025 WL 4092609, at *2 (S.D. Fla. Dec. 11, 2025) (same, citing cases). That said, courts in this District regularly prohibit transfer of habeas petitioners during the pendency of their cases, and the District Court may do so here in furtherance of its adjudication of the Petition. *See De Souza Moita v. U.S. Dep't of Homeland Sec.*, No. 0:26-cv-61374-DSL, Dkt. No. 36 (S.D. Fla. May 20, 2026) (ordering response and prohibiting

respondent from transferring or removing petitioner outside the geographical boundaries of the United States during the pendency of habeas proceedings); *Huete-Alvarez v. Bondi*, No. 1:26-cv-20991-BB, 2026 WL 530196, at *5 (S.D. Fla. Feb. 26, 2026) (denying temporary restraining order but ordering respondent not to remove petitioner from District until further order of the court).

* * *

In sum, and as all parties acknowledge, Petitioner is entitled to an individualized bond hearing. The Court therefore **RECOMMENDS GRANTING** the Petition, [ECF No. 1], and ordering Respondent to afford Petitioner an individualized bond hearing within **seven days**. If Petitioner does not receive the hearing within that time, he should be released. Because that recommendation concludes the case, the temporary relief requested in the Motion, [ECF No. 11], should be **DENIED as moot**.

Although a party normally has fourteen days to serve and file written objections to any of the findings and recommendations in a report and recommendation, *see* 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a), here, the parties agree on the ultimate disposition and so a shorter objections period is appropriate. Within **seven days** of being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. Further, if a party does **not** intend to file objections, they should immediately file a notice indicating as much. Failure to timely file objections shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1; *see, e.g.*, *Patton v. Rowell*, 678 F. App'x 898, 901 (11th Cir. 2017); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 768–69 (11th Cir. 2016).

**DONE AND RECOMMENDED** in the Southern District of Florida on October 11, 2026.

**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**

cc: counsel of record